IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RONALD MITCHELL | § | |
| VS. | § | CIVIL ACTION NO. 1:07-CV-122 |
| T. OUTLAW | § | |

## MEMORANDUM OPINION

Petitioner Ronald Mitchell, a federal prisoner, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### Factual Background

Petitioner was convicted of bank robbery in the United States District Court for the Southern District of Illinois, in cause number CR 84-30005. On May 11, 1984, petitioner was sentenced to twenty years of imprisonment.

On October 22, 1993, petitioner was released on parole,[1] with a sentence expiration date of February 22, 2004. In a letter dated October 24, 1994, petitioner's probation officer notified the Parole Commission that petitioner had violated conditions of his parole by: testing positive for cocaine, failing to attend treatment sessions, and committing another crime. The probation officer later advised the Parole Commission that petitioner had been convicted of three additional offenses, and forwarded copies of the judgments. The judgments reflect that, on September 12, 1996,

---

[1] Petitioner was eligible for parole because his crime took place before the effective date of the Sentencing Reform Act of 1984 which eliminated parole in the federal system. *See Lightsey v. Kastner*, 846 F.2d 329, 330-31 (5th Cir. 1988), *cert. denied,* 488 U.S. 1015 (1989).

petitioner was sentenced in the Eastern District of Arkansas to a total of 123 months of imprisonment for the offenses of armed bank robbery, escape, and assault.[2]

On November 12, 1996, a violator warrant was issued for petitioner's arrest. The instructions accompanying the warrant directed the warden at petitioner's correctional institution to place the warrant as a detainer, and to provide petitioner with a copy. Petitioner was notified that the Parole Commission would review the detainer on the basis of his file record, and make a disposition. Petitioner was advised that he could make a statement to be considered during the review, and he could have the assistance of an attorney, appointed if necessary, in preparing the statement. Following the review, the Parole Commission decided to let the detainer stand.

On November 19, 2003, petitioner satisfied the three sentences imposed in 1996. The violator warrant was executed on November 20, 2003. On December 12, 2003, the Parole Commission informed petitioner that it found probable cause to believe petitioner had violated the terms of his parole based on his 1996 convictions. Petitioner was provided with a packet of documents upon which the warrant was based, and he was advised that he could have appointed counsel to represent him at the revocation hearing.

Following the hearing, petitioner's parole was revoked. Petitioner did not receive sentence credit for the time he spent on parole. Petitioner was continued to his mandatory release under the re-parole guidelines, which would result in petitioner serving approximately 192 months, with

---

[2] Petitioner was originally sentenced to a total of 174 months of imprisonment for armed bank robbery and escape. That case was remanded for resentencing, and petitioner was ultimately sentenced to 87 months of imprisonment. Petitioner also received a consecutive 36-month sentence for assault.

guideline credit for 114 months he served on the 1996 convictions. A Notice of Action, dated May 10, 2004, explained the Commissions reasons:

> Your parole violation behavior has been rated as criminal conduct of Category Seven severity because it involved Multiple Robberies With Victims Bound or Forcibly Detained. Your salient factor score is 2. . . .[3] As of your hearing date of 04-27-2004, you have been in confinement as a result of your violation behavior for a total of 114 month(s). Guidelines established by the Commission indicate a customary range of 100-148 months to be served before release.
>
> In addition, you committed new criminal conduct while in a prison facility of Category Three severity because it involved Possession of a Homemade Knife. Guidelines established by the Commission indicate a range of 12-16 months to be added to your guideline range.
>
> In addition, you committed new criminal conduct while in a prison facility of Category Five severity because it involved Escape With Force. Guidelines established by the Commission indicate a range of 36-48 months to be added to your guideline range.
>
> In addition, you have committed 3 non-drug related infraction(s). Guidelines established by the Commission indicate a range of up to 2 months be added to your guideline range for each non-drug related infraction.
>
> Your aggregate guideline range is 148-218 months to be served. After review of all relevant factors and information, a departure from the guidelines at this consideration is not warranted.

Petitioner appealed the Commission's finding to the National Appeals Board, which affirmed the Commission's decision. The Board explained its reasoning as follows:

> The Board has considered your appeal and agrees with the Regional Commissioner's decision revoking your parole and continuing you to the expiration of your sentence. the Board finds no merit to your claims that the Commission has failed to grant you reparole guideline credit, that the Commission unlawfully double counted your offense behavior, and that the Commission failed to consider mitigating circumstances.

---

[3] The severity category is a score assigned to the severity of the offense behavior. 28 C.F.R. § 2.20. The salient factor score is an aid to determine the parole prognosis of an inmate. *Id.*

3

In your appeal, you argue that the Commission made a procedural error by allegedly not specifying the time you had spent in custody. You claim that, according to your calculations, you only have 10 months remaining on your parole violation term. The Board disagrees with your assessment. The record shows that the Commission granted you all the credit to which you were entitled.

When you were last released on parole on October 24, 1993, you had 3773[4] remaining to be served on your old law sentence. After your arrest for new criminal conduct, the Commission issued a parole violator warrant for your arrest, which tolled the running of your sentence. See 28 C.F.R. § 2.44(d). You subsequently received an intervening new law federal sentence of 87 months for your conviction for armed bank robbery and escape.[5] Upon your release from the intervening sentence on November 20, 2003, the Commission's violator warrant was executed by your arrest. When the Commission revoked your parole, the Commission lawfully forfeited all the time you had spent on parole because you received a conviction for criminal conduct committed while under parole supervision. See 28 C.F.R. § 2.52(c) (no *sentence* credit for parolees with new convictions). However, the Commission granted you *guideline* credit for the time you spent in custody since your arrest on October 24, 1994 (while you were serving your intervening sentence) pursuant to 28 C.F.R. § 2.21(d). At the time of your hearing, the Commission determined that you had spent 114 months in custody. The Board finds no error in this calculation. The Board therefore finds that the Commission lawfully did not grant you sentence credit and granted you guideline credit.

The Board also finds no merit to your claim that the Commission unlawfully double counted your offense behavior in determining you[r] guidelines. The Commission only considered each of your offenses and disciplinary infractions once in determining your guidelines. The fact that the Bureau of Prisons assessed your institutional misconduct in taking away good time has no impact on the Commission's determination of whether you are suitable for release into the community.

---

[4] The certificate of parole reflected that petitioner had 3773 days remaining to be served when he was released on October 22, 1993. After the Parole Violator Warrant was issued, the United States Parole Commission corrected the warrant to reflect that petitioner was released on parole with 3775 days remaining to be served.

[5] The National Appeals Board did not mention that petitioner also had a consecutive 36-month sentence for assault.

4

## The Petition

Petitioner contends the Parole Commission unlawfully denied him release and failed to allow him credit for the time he spent in prison. Petitioner contends that he is being held past the expiration of his sentence. Petitioner also alleges violations of the Ex Post Facto Clause of the United States Constitution.

## Analysis

The Parole Commission has broad discretion in making parole decisions. *Shahid v. Crawford*, 599 F.2d 666, 669 (5th Cir. 1979). The decision itself is subject to review by a federal court only where the decision is so arbitrary and capricious as to be beyond the Commission's discretion. *Brown v. Lundgren*, 528 F.2d 1050, 1054 (5th Cir.), *cert. denied*, 429 U.S. 917 (1976). On the other hand, the process by which the Commission reaches that decision is subject to review. *Id.* The Commission is required to follow its own regulations unless it can show good cause for deviating from them. *Maddox v. United States Parole Comm'n*, 821 F.2d 997, 1000 (5th Cir. 1987). Because prisoners have no right to release on parole, the Commission could order a prisoner to serve his full sentence without violating his constitutional rights. *Brown*, 528 F.2d at 1054.

Although petitioner believes the Parole Commission miscalculated his guideline range, it is clear that the Commission followed the applicable regulations. An offense severity category of 7 and a salient factor score of 2 resulted in a re-parole guideline range of 100-148 months. 28 C.F.R. § 2.20. Petitioner was assessed an additional disciplinary guideline range of 48-70 months, resulting in a total guideline range of 148-218 months. The Parole Commission determined that petitioner should serve 192 months before re-parole, which included credit for 114 months petitioner served

5

on the 1996 sentences. Therefore, the Commission's decision was not outside the guidelines for petitioner.

Petitioner also argues that the Commission improperly increased the guideline range for his parolable sentence by considering his escape, for which he was convicted and sentenced to serve a consecutive sentence. However, the Parole Commission is allowed to consider any reliable evidence. *Page v. United States Parole Comm'n*, 651 F.2d 1083, 1086 (5th Cir. 1981). In this case, the regulation specifically requires that 36-48 months are added to the guideline range where the defendant escapes with force. 28 C.F.R. § 2.36. The regulation also provides that additional months are added for each administrative rule infraction. *Id.* The Parole Commission did not violate the double jeopardy prohibition by following the regulation because double jeopardy does not apply to parole proceedings. *Cortinas v. U.S. Parole Comm'n*, 938 F.2d 43, 46 (5th Cir. 1991); *United States v. Whitney*, 649 F.2d 296, 298 (5th Cir. 1981).

Petitioner argues that the 192 months he is expected to serve until he is re-paroled exceeds the 125 months he had remaining on his twenty-year sentence imposed in 1984. However, petitioner has confused his release under the re-parole guidelines with the expiration of his sentence. As part of the re-parole guidelines, petitioner is receiving guideline credit for the 114 months he spent incarcerated on the 1996 charges, which will result in a release date of October 27, 2010. Petitioner does not receive credit toward the expiration of his twenty-year sentence imposed in 1984 for the time he was serving the sentences imposed in 1996. Thus, his twenty-year sentence for the 1984 conviction will not expire until March 20, 2014. Although petitioner believes he is serving time in excess of twenty years, he will actually have only served sixteen and a half years when he is re-paroled on October 27, 2010.

Petitioner contends the Parole Commission violated the Ex Post Facto Clause of the United States Constitution. The Ex Post Facto Clause prohibits Congress and the States from passing a law retroactively altering the definition of a crime or increasing the punishment for criminal acts. U.S. CONST. art. I, § 10; *Collins v. Youngblood*, 497 U.S. 37, 41 (1990); *Weaver v. Graham*, 450 U.S. 24, 28 (1981). Two elements must be present for a criminal or penal law to violate the Ex Post Facto Clause: the law must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. *Weaver*, 450 U.S. at 29. "Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases the punishment beyond what was prescribed when the crime was consummated." *Id.* at 30.

Petitioner has not pointed to any changed laws or regulations that increased the punishment for his criminal acts. Further, having reviewed the pleadings and supporting documents, the court is unable to discern any errors in the calculation of petitioner's sentence. Therefore, petitioner is not entitled to relief.

The court notes that petitioner litigated these issues in a case filed in the Western District of Missouri. That court found that petitioner's claims either lacked merit or were not cognizable in a habeas petition. *Mitchell v. Chandler*, 2005 WL 2276835 (W.D. Mo. Sept. 19, 2005) (unpublished). The Fifth Circuit has found that Title 28 U.S.C. § 2244(a) bars successive Section 2241 petitions that are based on the same claim. *Ortloff v. Fleming*, 88 Fed.Appx. 715, 2004 WL 298595 (5th Cir. Feb. 16, 2004) (unpublished) (citing *United States v. Tubwell*, 37 F.3d 175, 177-78 (5th Cir. 1994) ). Because petitioner is litigating the same issues that were previously rejected by the Western District

of Missouri, this petition should be denied as successive. Petitioner is warned that additional filings raising the same issues may result in the imposition of sanctions.

## Conclusion

This petition for writ of habeas corpus should be denied. A Final Judgment will be entered in accordance with this Memorandum Opinion.

**SIGNED** this the 2 day of **February, 2010.**

_____
Thad Heartfield
United States District Judge